UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUY VAN PHAM,

        Petitioner,

           v.                              CAUSE NO. 3:26-CV-37-CCB-SJF

KRISTI NOEM, et al.,

        Respondents.

## **OPINION AND ORDER**

Immigration detainee Quy Van Pham, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Pham has filed a reply. ECF 6, ECF 8. The petition is ready to be decided.

## BACKGROUND

Pham is a Vietnamese citizen who entered the United States in 1989 as a refugee. ECF 6-1 at 11-12. On May 9, 2012, he was convicted of a crime in Pennsylvania. *Id.* On May 16, 2017, an immigration judge ordered him removed to Vietnam. On April 10, 2018, Immigration and Customs Enforcement (ICE) released Pham on an Order of Supervision "pending the issuance of a travel document." *Id.* On October 1, 2025, ICE detained Pham again, and he is currently held at the Miami Correctional Facility. ECF 1.

On January 16, 2026, the respondents filed a status report, representing:

According to DHS, it is still obtaining travel documents for Petitioner to return to Vietnam. The official documents come from the Vietnamese government. Thus, while it is possible that Petitioner could be removed within the next thirty days, DHS believes it is unlikely to occur within that timeframe.

ECF 5. The respondents also submit a declaration from an ICE official, attesting as follows:

7. Records indicate ICE has submitted a formal request for travel documents on behalf of Petitioner to the Vietnamese embassy in Washington D.C. to effectuate his removal to Vietnam. This request is pending at this time.

8. Vietnam is regularly issuing travel documents after verifying individuals' identities through this process. There are ongoing commercial removals of aliens to Vietnam.

ECF 6-3.

<u>SUBJECT MATTER JURISDICTION</u>

The respondents first argue that the court lacks subject matter jurisdiction over Pham's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondents first argue that Pham's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

pending execution of a removal order. However, beyond the "removal period,"[1] which for Pham ended about nine years ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Pham has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

To start, the respondent identifies Vietnam as the only country under consideration for removal. Pham was released from immigration detention in April 2018 "pending issuance of a travel document" but with no indication eight years later that the government ever obtained travel documents for him. His most recent term of detention now spans six months with a travel document application pending for about three months.[2] The court finds that this showing suggests that Vietnam has and will refuse to accept Pham and constitutes good reason to believe that there is no significant likelihood of Pham's removal in the reasonably foreseeable future.

To rebut this showing, the respondents offer attestations that the government has submitted a formal request for travel documents to the Vietnamese embassy and that Vietnam is regularly issuing travel documents after verifying the applicant's identities. This showing does not persuade the court that Pham's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Pham will be successful now when they were unsuccessful in 2018. It also does adequately explain why travel documents have not been obtained three months after the application was submitted. Though the respondents represent that Vietnam has "regularly" issued travel documents, they offer no further clarification, such as estimated or historic timelines for when Vietnam issues travel documents or whether there is anything unusual about Pham's application that might reasonably lead to rejection or a prolonged delay. Consequently, the court finds that the respondents have not

---

[2] Here, the court infers that the government had submitted the application for travel documents by the time the respondents submitted their status report on January 16, 2026. ECF 5.

4

adequately demonstrated that Pham's removal is reasonably foreseeable. Therefore, the respondents must release Pham.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondent to release Quy Van Pham on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 13, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 9, 2026

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT